**Robert K. Meyer, OSB No. 086470**
MEYER EMPLOYMENT LAW
1000 SW Broadway, # 2300
Portland, OR 97205
Phone: (503) 459-4010
Fax: (503) 914-1461
Email: Robert@oregonworkplacelaw.com

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Case No.: 6:24-cv-1752

**AIRELL NECKER aka SHANE NECKER**,

    Plaintiff,

v.

**DLSMA ENTERPRISES, LLC, d/b/a MCDONALD'S, a domestic limited liability company.**

    Defendant.

**COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES:** ORS 659A.030(1)(a)-(b); ORS 659A.030(1)(f); 42 U.S.C. § 2000e-2

**DEMAND FOR JURY TRIAL**

Plaintiff is a transgender man who goes by the name Shane Necker and uses he/him pronouns.[1] Plaintiff, by and through undersigned counsel, makes the following complaint against his former employer, Defendant DLSMA Enterprises, LLC, alleging as follows:

//

---

[1] Plaintiff requests that he be addressed as Shane Necker during this litigation and that his dead name, Airell, be used only if legally required.

Page 1   COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## NATURE OF THE ACTION

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorneys' fees for himself to redress injuries done to him by Defendant DLSMA Enterprises, Inc d/b/a McDonald's (hereafter "DLSMA") and officers, employees, or agents of DLSMA in contravention of his state and federally protected rights under Oregon Revised Statutes and Title VII, 42 U.S.C. § 2000e-2.

## JURISDICTIONAL ALLEGATIONS

2.

Plaintiff is a resident of Sweet Home, Oregon.

3.

Defendant DLSMA is a domestic limited liability company with a principal place of business in Salem, OR.

4.

At all material times, DLSMA employees or agents supervised Plaintiff, and Plaintiff relied on the actual or apparent authority of DLSMA employees, supervisors, and managers.

5.

This Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state claims under 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

6.

Venue is proper within the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

7.

Plaintiff properly exhausted his administrative remedies as he filed timely claims with the Equal Employment Opportunity Commission ("EEOC"), raising the claims alleged herein. Plaintiff received a notice of right to file a civil suit from the EEOC, and this filing is within the time limitations set forth in the notice of right to file a civil suit.

## FACTUAL ALLEGATIONS

8.

Defendant hired Plaintiff on or around September 3, 2023, as a crew member at McDonald's.

9.

Plaintiff is a transgender man who goes by the name Shane.

10.

Shortly after hiring, Plaintiff informed Defendant's managers and coworkers that he goes by the name Shane, uses he/him pronouns, and requested that they address him as such going forward. From that point until his termination, DLSMA managers and coworkers created and maintained a hostile work environment for Necker through frequent offensive comments and conduct directed at Necker's male gender identity, including misgendering, referring to Necker as a "pedophile" and "it," telling Necker he was disgusting, joking that transgender men just want to sleep with everyone in the workplace, and numerous other offensive comments and conduct. Plaintiff repeatedly reported the harassment to store management and ownership, but they failed to remedy the hostile work environment.

11.

Despite repeated requests to be called Shane and referred to as he/him, Defendant's

Page 3   COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

employees, including Plaintiff's supervisors Dawn Vaught and Maria Estrada, continued referring to Plaintiff by his dead name, "Airell," and using female pronouns.

12.

On or about September 20, 2023, Plaintiff was working a shift with Estrada, when he informed Estrada of his preferred name (Shane) and he/him pronouns. Estrada responded by telling Plaintiff that his name is Airell and she would refuse to use Shane. Following this conversation, when Plaintiff introduced himself to new employees as Shane, Estrada corrected him and instructed the new employee to call Shane Airell and use female pronouns.

13.

On or around October 10, 2023, a new employee asked Plaintiff, "What do you want me to call you by? You seem set off when people call you Airell." Since Estrada and Vaught were also standing nearby, Plaintiff addressed all three and stated, "My name is Shane. I use he/him pronouns, and that's what I'm going to be called by." Following the conversation, Plaintiff's managers and co-workers continued disregarding his request to be addressed as Shane and be referred to as he/him pronouns.

14.

On or around November 22, 2023, Plaintiff expressed to his supervisor, Vaught, that he was concerned her instructions that day may violate food safety restrictions. Vaught responded, "You sure don't have a problem being a pedophile working around a bunch of children." She then proceeded to tell Plaintiff to "get the fuck off [her] floor." Plaintiff clocked out and went home. Plaintiff reported Vaught's comments to management the following day, but no action was taken to address the harassment.

//

Page 4   COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

15.

On or around December 14, 2023, Plaintiff met with supervisors Cannon and Estrada. Plaintiff explained several of his concerns about being set up for failure by other crew members and the lack of action taken to address his complaints of harassment regarding his gender identity.

16.

Following this meeting, Estrada began scheduling Plaintiff outside of his availability, reducing his hours. Estrada also began referring to Plaintiff as "it."

17.

In or around January 2024, Plaintiff came in to eat on one of his days off. He was sitting in the dining room when he noticed Vaught mocking Plaintiff in a conversation with Estrada. He then overheard Vaught say to Estrada, "I can't believe you hired a pedophile." After this incident, Plaintiff met with store owner Kerri Seaman and reported the continued harassment he was experiencing regarding his gender identity. Seaman failed to investigate the matter as required by the employee handbook, nor did she take any action to remedy the hostile workplace.

18.

At the beginning of February 2024, Plaintiff met with Seamen and Cannon. Plaintiff again reported to Seaman that Estrada and other crew members had been exhibiting discriminatory conduct towards him, including deliberately misgendering him, calling him by his dead name, and referring to him as a pedophile. Throughout Seaman's subsequent written report of the incident, Seaman misgenders Plaintiff. Seaman failed to investigate Plaintiff's concerns or remedy the hostile work environment.

//

//

Page 5    COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

19.

The following day, Plaintiff arrived at work and noticed that Vaught had cut many of his hours and given several of Plaintiff's shifts to her brother, Skylar Vaught.

20.

In or around March 2024, Plaintiff drove to Salem for another meeting with Seaman. Plaintiff informed Seaman that he was still being harassed by Estrada, Vaught, and other crew members. He informed Seaman that anytime he would voice concern over food safety protocols, he would be called a pedophile. Again, Seamen assured Plaintiff that she would address his concerns but failed to investigate this matter.

21.

In or about March 2024, after Defendant's management/ownership had repeatedly ignored his reports of harassment, Plaintiff filed a formal charge against DLSMA for subjecting him to sexual harassment, sex discrimination, and retaliation.  DLSMA subsequently received notice of the charge.

22.

On or around April 24, 2024, Plaintiff was working while Vaughn was training a new employee, Kegan Grittins. Plaintiff attempted to chime in to discuss how to prepare sauce tubes when Vaughn responded, "Only pedophiles like you would worry about whether or not he is trained. As a pedophile, you should prioritize hiding yourself." Plaintiff was highly offended by this and stepped outside to cool down. When he returned, he noticed Day, Vaught, and Grittins standing by the grill, handling a bottle of oil. As Plaintiff approached, the three dispersed, and Plaintiff returned to his station at the grill. When Plaintiff eventually reached for the bottle of oil, the bottom fell off, thoroughly soaking Plaintiff's head, eyes, and ears with cooking oil, rendering

Page 6   COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

Plaintiff unable to see. As Plaintiff attempted to reach the sink, he could hear his three coworkers laughing. Plaintiff informed his coworker Mariah that he no longer felt safe and left his shift.

23.

Following the incident, Plaintiff called Estrada and Cannon multiple times. When neither answered, he texted them, explaining what had happened and that he felt unsafe at work.

24.

The following day, Estrada told Plaintiff that if Plaintiff reported the incident to the police, Estrada would terminate Plaintiff.

25.

At the end of May 2024, Plaintiff was assaulted by a coworker named Chris when Chris threw a tray of food in Plaintiff's direction, spraying eggs onto Plaintiff. Plaintiff reported the incident to Tammy Retta. Plaintiff also reported the incident to Seamen, but Defendant still failed to investigate or take any subsequent remedial measures to address the ongoing harassment Plaintiff was experiencing.

26.

On or around May 23, 2024, the EEOC informed Necker that DLSMA had responded to his complaint.

27.

On or around June 25, 2024, Defendant terminated Plaintiff's employment.

//

//

//

//

Page 7      COMPLAINT

## First Claim for Relief
### 41 U.S.C. § 2000e-2 – Sexual Discrimination

28.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

29.

Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer within the meaning of 42 U.S.C. § 2000e(b).

30.

Defendant discriminated against Plaintiff in substantial or motivating part because of his sex in, inter alia, one or more of the following ways:

- By referring to Plaintiff as a "pedophile" and "it" due to his identifying as a transgender man.
- By failing to provide Plaintiff a safe work environment after being assaulted due to his status as a transgender man.
- By cutting Plaintiff's hours.
- By failing to address Plaintiff's complaints of discrimination.
- By referring to Plaintiff by his dead name.
- By deliberately misgendering Plaintiff.
- By terminating Plaintiff's employment.

31.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

Page 8    COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

32.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life, all to his non-pecuniary loss in an amount to be determined at trial.

33.

Plaintiff is entitled to an award of attorney fees, expert witness fees, and costs incurred herein under 42 U.S.C. § 1988(c), 42 U.S.C. § 2000e-5(k).

## Second Claim for Relief
### 41 U.S.C. § 2000e-2 – Sexual Harassment

34.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

35.

Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer within the meaning of 42 U.S.C. § 2000e(b).

36.

Defendant subjected Plaintiff to unwelcome comments and conduct directed at his gender identity.

37.

Defendant's conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create a sexually abusive or hostile work environment.

//

Page 9   COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

38.

Plaintiff perceived the working environment to be abusive or hostile.

39.

A reasonable transgender man in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

40.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

41.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life, all to his non-pecuniary loss in an amount to be determined at trial.

42.

Plaintiff is entitled to an award of attorney fees, expert witness fees, and costs incurred herein under 42 U.S.C. § 1988(c), 42 U.S.C. § 2000e-5(k).

### Third Claim for Relief
**Retaliation for Opposing/Reporting Unlawful Employment Practices – Title VII**

43.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

//

//

Page 10    COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

44.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's reporting and/or opposition to employment practices prohibited by Title VII.

45.

Defendant's unlawful conduct caused Plaintiff economic damages and emotional distress. Plaintiff re-alleges his damages, costs, and attorneys' fees set forth above.

### Fourth Claim for Relief
### Sex/Gender Identity Discrimination – ORS 659A.030 (1)(a) and (b)

46.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

47.

ORS 659A.030 prohibits an employer from discriminating against an employee through compensation, the terms, conditions, or privileges of employment based on that person's sex or gender identity.

48.

Defendant violated ORS 659A.030 (1) (a) and (b) by discriminating against Plaintiff through the compensation, terms, conditions, or privileges of employment based on Plaintiff's sex or gender identity.

//

//

Page 11   COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

49.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

50.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life, all to his non-pecuniary loss in an amount to be determined at trial.

51.

Plaintiff is entitled to an award of attorney fees, expert witness fees, and costs incurred herein under ORS 659A.885.

### Fifth Claim for Relief
### ORS 659A.030(1)(a) and (b) – Sex/ Gender Identity Harassment

52.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

53.

ORS 659A.030(1) prohibits an employer from discriminating against an employee through compensation, the terms, conditions, or privileges of employment based on that person's sex or gender identity.

54.

Defendant subjected Plaintiff to unwelcome comments and conduct directed at his gender identity.

Page 12    COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

55.

Defendant's conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create a sexually abusive or hostile work environment.

56.

Plaintiff perceived the working environment to be abusive or hostile.

57.

A reasonable transgender man in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

58.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

59.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life, all to his non-pecuniary loss in an amount to be determined at trial.

60.

Plaintiff is entitled to an award of attorney fees, expert witness fees, and costs incurred herein under ORS 659A.885.

//

//

//

//

//

Page 13   COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## Sixth Claim for Relief
### Retaliation for Opposing Unlawful Employment Practices – ORS 659A.030(1)(f)

61.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

62.

ORS 659A.030(1)(f) provides that it is an unlawful practice for any person to "discharge, expel or otherwise discriminate against any other person because that other people has opposed any unlawful practice, or because that other person has filed a complaint" under Chapter 659A.

63.

Plaintiff engaged in conduct protected by ORS 659A.030(1)(f) by reporting and opposing employment discrimination in the workplace both internally to his managers and externally to the EEOC.

64.

Defendant violated ORS 659A.030(1)(f) by, without limitation, subjecting Plaintiff to adverse employment actions, including termination, based on his reporting unlawful employment practices to management that resulted in his termination.

65.

Plaintiff reasserted his claims for damages, attorneys' fees, and costs as set forth above.

//
//
//
//

Page 14    COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

# JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## Prayer for Relief

WHEREFORE, Plaintiff requests the following judgments against and relief from Defendants:

(a) Economic damages in an amount to be determined at trial;

(b) Non-economic damages in an amount to be determined at trial;

(c) Reasonable costs and attorney fees, including as authorized by 42 U.S.C. § 1988(c), 42 U.S.C. § 2000e-5(k), ORS 659A.885 and ORS 20.107;

(c) Punitive damages;

(d) Equitable relief, including a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this complaint;

(e) Prejudgment and post-judgment interest as appropriate and allowed by law;

(f) On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment rather than receiving payment of wages over the applicable time frame;

(g) All such other relief as this Court may deem proper.

Dated: October 16, 2024

**MEYER EMPLOYMENT LAW**

*s/Robert K. Meyer*
Robert K. Meyer, OSB No. 086470
robert@oregonworkplacelaw.com

*Of Attorneys for Plaintiff*

Page 15    COMPLAINT

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE.2300
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022